# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT TREVINO, | ) | Case No. CV 10-0620-SVW (JEM) |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND ORDER |
| | ) | DISMISSING COMPLAINT WITH LEAVE |
| v. | ) | TO AMEND |
| | ) | |
| D. ENGLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

On February 1, 2010, Robert Trevino ("plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 28 U.S.C. § 1983 ("Complaint").

## SCREENING STANDARDS

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the Complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has

1  alleged insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't,

2  901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on

3  which relief may be granted, allegations of material fact are taken as true and construed in

4  the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir.

5  1989).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual

6  allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  "'[A] liberal interpretation of

7  a civil rights complaint may not supply essential elements of the claim that were not initially

8  pled.'"  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting

9  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

10        Although a complaint "does not need detailed factual allegations" to survive

11  dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic

12  recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly,

13  550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in

14  Conley v. Gibson, 355 U.S. 41 (1957)).  The complaint must contain factual allegations

15  sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely

16  possible or conceivable.  Id. at 557, 570.

17        Simply put, the complaint must contain "enough facts to state a claim to relief that is

18  plausible on its face."  Id. at 570.  A claim has facial plausibility when the complaint presents

19  enough facts "to draw the reasonable inference that the defendant is liable."  Ashcroft v.

20  Iqbal, ___U.S. ___, 129 S. Ct. 1937, 1949 (2009).  This standard is not a probability

21  requirement, but "it asks for more than a sheer possibility that a defendant has acted

22  unlawfully."  Id.  A complaint that pleads facts that are merely consistent with liability stops

23  short of the line between possibility and plausibility.  Id.

24        In a pro se civil rights case, the complaint must be construed liberally to afford

25  plaintiff the benefit of any doubt.  Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621,

26  623 (9th Cir. 1988).  Before dismissing a pro se civil rights complaint for failure to state a

27  claim, the plaintiff should be given a statement of the complaint's deficiencies and an

28  opportunity to cure.  Id.  Only if it is absolutely clear that the deficiencies cannot be cured by

2

1  amendment should the complaint be dismissed without leave to amend.  Id. at 623; see also

2  Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

3        After careful review and consideration of the Complaint under the relevant standards

4  and for the reasons discussed below, the Court finds that plaintiff has failed to state a claim

5  on which relief may be granted and **ORDERS** the Complaint **DISMISSED WITH LEAVE TO**

6  **AMEND.**

7  **PLAINTIFF'S ALLEGATIONS**

8        Plaintiff alleges that, on or about December 30, 2009, he filed an emergency

9  administrative appeal concerning his "illegal detention and/or false imprisonment" in

10  Administrative Segregation ("Ad-Seg") at the California Men's Colony-East ("CMC-East") in

11  San Luis Obispo, California.  (Complaint at 2.)  It appears that, in his administrative appeal,

12  Plaintiff claims he was transferred from Pleasant Valley State Prison approximately seven

13  months previously and wrongfully placed in Ad-Seg at CMC-East, rather than being

14  transferred to the general population at Kern Valley State Prison ("KVSP").  (Complaint at

15  3C.)  He sought an immediate transfer to KVSP.  (Id.)

16        Plaintiff appears to allege seven separate claims.  First, he claims that Appeals

17  Coordinator D. Engler acted with deliberate indifference in violation of the Eighth

18  Amendment by refusing to adjudicate his administrative appeal on an expedited basis.

19  (Complaint at 3A-D.)  Second, plaintiff claims that Engler violated plaintiff's Fourteenth

20  Amendment right to due process by refusing to adjudicate his administrative appeal on an

21  expedited basis.  (Complaint at 4A-B.)  Third, plaintiff claims that unnamed correctional

22  officers failed to return his legal materials.  (Complaint at 4B.)  Fourth, plaintiff claims that

23  Engler failed to adjudicate the administrative appeals in order to retaliate against plaintiff for

24  having filed an earlier civil rights action in the Eastern District of California.  (Complaint at

25  2A, 4A.)  Fifth, plaintiff claims that Correctional Officer J. Neighbors used excessive force

26  against plaintiff while he was handcuffed and returning from the shower, causing him to

27  suffer a head injury.  (Complaint at 5B-C.)  Sixth, plaintiff claims that, when he filed an

28  administrative appeal against Neighbors for the excessive force incident, Engler failed to act

3

1  on the appeal because he filed the appeal against Neighbors.  (Complaint at 5C.)  Finally,

2  plaintiff claims that other unnamed officers have made "death threats" against plaintiff

3  because he filed the appeal against Neighbors.  (Id.)

4      Plaintiff seeks injunctive relief and compensatory and punitive damages.  (Complaint

5  at 7.)

6                                    **DISCUSSION**

7      The Court, having reviewed the Complaint pursuant to the standards set forth above,

8  has determined that all but one of Plaintiff's claims do not withstand screening for the

9  following reasons:

10  **I.      Plaintiff Must Name All Defendants In the Caption**

11      Plaintiff names only defendants Engler and Neighbors in the caption of the

12  Complaint.  (Complaint at 1.)  In the body of the Complaint, however, Plaintiff makes

13  allegations against various unnamed correctional officers not named in the caption.  (See,

14  e.g., Complaint at 3A, 3B, 4B, 5C, 5D.)

15      The individuals or entities not named in the caption have not been presented properly

16  as parties, and the Court does not recognize them as defendants in this action.  If plaintiff

17  files an amended complaint, he must include in the caption the name of each defendant

18  against whom he is asserting a claim.  See Fed. R. Civ. P. 10(a); Local Rule 11-3.8(d); see

19  also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (dismissing action for

20  refusal to comply with court orders to name defendants in the caption).  The Court will not

21  order the United States marshal to serve the amended complaint on any defendant not

22  identified in the caption.

23  **II.      Plaintiff Fails to State an Eighth Amendment Claim Against Engler**

24      Plaintiff claims that Engler violated his rights under the Eighth Amendment by failing

25  to process his administrative appeal on an expedited basis. The Eighth Amendment

26  prohibits the imposition of cruel and unusual punishments and "embodies 'broad and

27  idealistic concepts of dignity, civilized standards, humanity and decency.'"  Estelle v.

28  Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir.

4

1968)).  A prison official violates the Eighth Amendment only when two requirements are
met: (1) the deprivation objectively must be "sufficiently serious," Farmer v. Brennan, 511
U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298, (1991)); and (2) the
prison official subjectively must have a "sufficiently culpable state of mind."  Id. (quoting
Wilson, 501 U.S. at 298).  The objective requirement that the deprivation be "sufficiently
serious" is met where the prison official's act or omission results in the denial of "the minimal
civilized measure of life's necessities."  Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347
(1981)).  The subjective requirement that the prison official has a "sufficiently culpable state
of mind" is met where the prison official acts with "deliberate indifference" to inmate health
or safety.  Id. (quoting Wilson, 501 U.S. at 302-303).  A prison official acts with deliberate
indifference when he "knows of and disregards an excessive risk to inmate health or safety."
Id. at 837.  "[T]he official must both be aware of facts from which the inference could be
drawn that a substantial risk of serious harm exists, and he must also draw the inference."
Id.

Plaintiff has not alleged sufficient facts to demonstrate how failure to adjudicate his
appeal regarding his placement in Ad-Seg and transfer to KVSP on an expedited basis
deprived him of the minimal civilized measure of life's necessities or posed a substantial risk
of serious harm to his safety.  Accordingly, plaintiff has not stated a claim against Engler for
deliberate indifference under the Eighth Amendment.

**III.    Plaintiff Fails to State a Due Process Claim**

The Due Process Clause protects prisoners from being deprived of liberty without
due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a claim
for deprivation of due process, a plaintiff must first establish the existence of a liberty
interest for which the protection is sought.  Liberty interests may arise from the Due Process
Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  Liberty
interests created by state law are generally limited to freedom from restraint which "imposes
atypical and significant hardship on the inmate in relation to the ordinary incidents of prison
life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).

1       "There is no single standard for determining whether a prison hardship is atypical and

2 significant, and the 'condition or combination of conditions or factors . . . requires case by

3 case, fact by fact consideration.'" Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003)

4 (citation omitted).   However, the courts should consider: (1) whether the challenged

5 condition mirrored those conditions imposed upon inmates in administrative segregation and

6 protective custody and is thus within the prison's discretionary authority to impose; (2) the

7 duration of the condition and the degree of restraint imposed; and (3) whether the state's

8 action will invariably affect the duration of the prisoner's sentence. Id. "If the hardship is

9 sufficiently significant, then the court must determine whether the procedures used to

10 deprive that liberty satisfied Due Process." Id. at 860.

11       **A.**     **Claim Against Engler for Failure to Process Inmate Appeals**

12       Plaintiff claims that his due process rights were violated when two of his inmate

13 appeals were not processed quickly.  Plaintiff has not shown that this delay resulted in an

14 "atypical and significant hardship" or that the procedures used to deprive him of his liberty

15 interest did not satisfy due process. See Ramirez, 334 F.3d at 860-61.  Thus, Plaintiff has

16 failed to allege cognizable claims under the due process clause against Engler for delay in

17 acting upon plaintiff's administrative appeals.

18       **B.**     **Claim Against Unnamed Correctional Officers for Loss of Property**

19       Plaintiff also appears to claim that his due process rights were violated when

20 unnamed correctional officers failed to return some of his legal materials.  (Complaint at

21 4B.)  He indicates that he filed another administrative appeal regarding this matter on or

22 about December 7, 2009, but does not state the outcome.  (Id.)  The Due Process Clause

23 protects prisoners from being deprived of property without due process of law, Wolff v.

24 McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their

25 personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  A negligent

26 deprivation of property does not violate the Due Process Clause when adequate

27 post-deprivation remedies are available because pre-deprivation process is impracticable

28 since the state cannot know when such deprivations will occur. Hudson v. Palmer, 468 U.S.

517, 533 (1984).  Similarly, an intentional, but unauthorized, deprivation of property does not violate the Due Process Clause when adequate post-deprivation remedies are available.  Id. California law provides an adequate post-deprivation remedy for any unauthorized property deprivations.  Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov. Code §§ 810-895).  Plaintiff has filed an administrative complaint regarding this loss of property. He does not claim that the complaint process was constitutionally inadequate.  Moreover, as set forth above, defendants who are not identified in the caption of the Complaint, either by name or as Doe defendants, are not defendants in this action. Accordingly, plaintiff has failed to state a claim arising out of the loss of his legal materials.

**IV.     Plaintiff Has Failed to State a Retaliation Claim**

In the prison context, allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).  "[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (citations omitted).  Plaintiff has the burden of proving that the exercise of his First Amendment rights was a substantial or motivating factor behind defendant's conduct.  Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).  Plaintiff need not show an actual chilling effect, only that defendant's actions "would chill or silence a person of ordinary firmness from future First Amendment activities."  Rhodes v. Robinson, 408 F.3d 559, 568-69 (9th Cir. 2005) (internal quotations and citation omitted).  A claim of retaliation against a prisoner's First Amendment rights is actionable even if the acts, when taken for different reasons, would have been proper.  Mt. Healthy, 429 U.S. at 283-84.

### A.    Claim Against Engler for Retaliation

Plaintiff alleges that Engler refused to process on an expedited basis plaintiff's administrative appeal regarding his placement in Ad-Seg and transfer to KVSP because he had filed another civil rights complaint in the Eastern District of California.  Plaintiff also alleges that Engler refused to process plaintiff's administrative appeal regarding the excessive force incident with Neighbors because he had filed that complaint.

Plaintiff has not made the requisite showing that Engler undertook "adverse action" against plaintiff by failing to process the appeals in the time demanded by plaintiff or that retaliation was a substantial or motivating factor behind Engler's conduct.  Plaintiff has not alleged facts demonstrating that he was entitled to a faster adjudication of his administrative appeals or that he suffered harm as a result of the allegedly untimely process.  Moreover, plaintiff's allegations regarding Engler's motivations do not rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable.  Id. at 557, 570. Plaintiff does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

### B.    Claim Against Unnamed Correctional Officers for Retaliation

Plaintiff alleges that unnamed correctional officers made "death threats" against him because he had filed an administrative appeal against Neighbors.  (Complaint at 5C.)  As set forth above, the unnamed correctional officers are not defendants in this action because they are not identified in the caption of the Complaint.  If plaintiff wishes to pursue this claim, he must identify these officers in the caption, either by name or as Doe defendants.  He also must specifically articulate the threats and indicate by whom and when they were made in order to show that they constituted "adverse action" and that retaliation was the substantial or motivating factor behind them.

## V.    Plaintiff Adequately States a Claim for Excessive Force

Plaintiff claims that, in or about July 2009, he was showering and Neighbors ordered him to step out of the shower.  When plaintiff did not comply immediately, Neighbors shut off the water and escorted plaintiff back to his cell.  As plaintiff entered his cell, with his hands

cuffed behind his back, Neighbors slammed plaintiff's head into the wall, causing a large lump and a laceration to his head.  (Complaint at 5B-C.)  Plaintiff contends that the force was excessive because he was in handcuffs and was not exhibiting any threatening behavior.  (Id. at 5B.)

An officer's use of excessive force violates the Eighth Amendment only when the inmate is subjected to the "unnecessary and wanton infliction of pain."  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).  To decide whether force inflicts "unnecessary and wanton" pain, courts must determine "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson, 503 U.S. at 6-7.  "The Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"  Id. at 9-10 (internal citations omitted).

For purposes of screening, plaintiff arguably has set forth enough facts to state a claim against Neighbors for excessive force.  Plaintiff has alleged sufficient facts to indicate the force imposed was not necessary to maintain discipline and that it was applied maliciously and sadistically to cause harm.

* * * * * * * * *

For the reasons set forth herein, the following claims are **DISMISSED WITH LEAVE TO AMEND**:

1. Plaintiff's claim against Engler for deliberate indifference in violation of the Eighth Amendment.

2. Plaintiff's claim against Engler for violation of the Due Process Clause of the Fourteenth Amendment.

3. Plaintiff's claim against unnamed correctional officers for loss of his legal materials in violation of the Due Process Clause of the Fourteenth Amendment.

4.    Plaintiff's claims against Engler for retaliation in violation of the First Amendment.

5.    Plaintiff's claim against unnamed correctional officers for retaliation in violation of the First Amendment.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.  Defendant must name separately each individual defendant against whom he brings his claims, identify clearly the basis for each of his claims, and articulate the connection between each named defendant and each claim.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3); be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous Complaint or any other pleading, attachment or document. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.  Plaintiff must write legibly.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court will recommend that this action be dismissed on the grounds set forth above for failure to prosecute and for failure to comply with a Court order.**

DATED: March 3, 2010                                    _____/s/ John E. McDermott_____
                                                                              JOHN E. MCDERMOTT
                                                                 UNITED STATES MAGISTRATE JUDGE